**POOLE & SHAFFERY, LLP**
David S. Poole, Esq. (SBN 94690)
    dpoole@pooleshaffery.com
Samuel R.W. Price, Esq. (SBN 255611)
    sprice@pooleshaffery.com
400 South Hope Street, Suite 1100
Los Angeles, CA 90071
Telephone: (213) 439-5390
Facsimile:  (213) 439-0183

Attorneys for Defendant
JEFFREY SANTOS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VBCONVERSIONS LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>THE BAUPOST GROUP, INC., a Massachusetts corporation; J. SANTOS, an individual; DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:14-CV-08533-CBM-PLA<br><br>Assigned to the Hon. Consuelo B. Marshall<br><br>**ANSWER OF DEFENDANT JEFFREY SANTOS TO FIRST AMENDED COMPLAINT** |

For his Answer and Affirmative Defenses to the First Amended Complaint of Plaintiff VBConversions, LLC ("Plaintiff"), Defendant Jeffrey Santos, alleges and responds as follows:

## ANSWER

1.     Defendant admits that Plaintiff purports to allege claims against him under the referenced federal statutes, but denies that there is any merit to any of Plaintiff's claims under these statutes or otherwise. Defendant denies that he is subject to the jurisdiction of this Court or that he affirmed the provisions of a licensing agreement agreeing to be subject to the personal jurisdiction of courts in the State of California. Except as expressly admitted herein, Defendant denies the allegations of paragraph 1 of the Complaint.

2. Defendant denies that he is a party to any agreement with Plaintiff, including an agreement that includes a Forum Selection Clause. Defendant admits that Plaintiff claims venue is proper in this District under the referenced federal statutes, but otherwise denies jurisdiction and venue are proper in this Court. As such, Defendant denies jurisdiction and venue is proper in this Court.

3. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 3 of the Complaint and, on that basis, denies such allegations.

4. Defendant denies that The Baupost Group, Inc., is any longer in existence. The Baupost Group, Inc. no longer exists. Instead, Defendant alleges on information and belief that The Baupost Group, L.L.C. ("Baupost") is the successor to The Baupost Group, Inc. Defendant otherwise admits the allegations of paragraph 4 of the Complaint.

5. Defendant admits the allegations of paragraph 5 of the Complaint.

6. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 6 of the Complaint and, on that basis, denies such allegations.

7. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 7 of the Complaint and, on that basis, denies such allegations.

8. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 8 of the Complaint and, on that basis, denies such allegations.

9. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 9 of the Complaint and, on that basis, denies such allegations.

10. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 10 of the Complaint and, on that basis, denies such allegations.

11. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 11 of the Complaint and, on that basis, denies such allegations.

12. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 12 of the Complaint and, on that basis, denies such allegations.

13. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 13 of the Complaint and, on that basis, denies such allegations.

POOLE · SHAFFERY
400 SOUTH HOPE STREET, SUITE 1100, LOS ANGELES, CA 90071
TELEPHONE: (213) 439-5390   FACSIMILE: (213) 439-0183

14. Defendant lacks sufficient information or knowledge as to what Plaintiff does or does not know or what Plaintiff intends or does not intend to do and, on that basis, denies such allegations, as well as the remaining allegations of paragraph 14 of the Complaint.

15. Defendant denies the allegations of paragraph 15 of the Complaint.

## **FIRST CLAIM FOR RELIEF**

16. Defendant incorporates by reference his response to Paragraphs 1 through 15 above as if fully set forth herein

17. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 17 of the Complaint and, on that basis, denies such allegations.

18. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 17 of the Complaint and, on that basis, denies such allegations.

19. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 19 of the Complaint and, on that basis, denies such allegations.

20. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 20 of the Complaint and, on that basis, denies such allegations.

21. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 21 of the Complaint and, on that basis, denies such allegations.

22. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 22 of the Complaint and, on that basis, denies such allegations.

23. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 23 of the Complaint and, on that basis, denies such allegations.

24. Defendant denies the allegations of paragraph 24 of the Complaint.

25. Defendant denies that he has engaged in any unauthorized or fraudulent access to Plaintiff's product, or saved any cost or expense from doing so. Defendant lacks sufficient information or knowledge to respond to the balance of the remaining allegations in paragraph 25 of the Complaint and on that basis deny such allegations.

**SECOND CLAIM FOR RELIEF**

26. Defendant incorporates by reference his response to paragraphs 1 through 25 above as if fully set forth herein.

27. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 27 of the Complaint and, on that basis, denies such allegations.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

**THIRD CLAIM FOR RELIEF**

30. Defendant incorporates by reference his response to paragraphs 1 through 30 above as if fully set forth herein.

31. Defendant denies the allegations of paragraph 31 of the Complaint.

32. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 32 of the Complaint and, on that basis, denies such allegations.

33. Defendant denies the allegations of paragraph 33 of the Complaint.

**FOURTH CLAIM FOR RELIEF**

34. Defendant incorporates by reference his response to paragraphs 1 through 33 above as if fully set forth herein.

35. Defendant lacks sufficient information or knowledge to respond to the allegations in paragraph 35 of the Complaint and on that basis denies such allegations.

36. Defendant lacks sufficient information or knowledge to respond to the allegations in paragraph 36 of the Complaint and on that basis denies such allegations.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendants denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

**AFFIRMATIVE DEFENSES**

For his Affirmative Defenses in this action, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**ANSWER OF DEFENDANT JEFFREY SANTOS' TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

**SECOND AFFIRMATIVE DEFENSE**

Defendant was granted an express or implied license to use, modify, and/or recreate the software Plaintiff offered.

**THIRD AFFIRMATIVE DEFENSE**

Defendant had a reasonable, good-faith belief that he had the legal right to test the software Plaintiff offered to it.

**FOURTH AFFIRMATIVE DEFENSE**

The alleged work that is the subject matter of this litigation is not entitled to copyright protection under the Copyright Act of 1976.

**FIFTH AFFIRMATIVE DEFENSE**

On information and belief, the alleged work that is the subject matter of this litigation is not original or creative.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of delay, laches, estoppel, waiver, and unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

The Copyright Act of 1976 does not permit Plaintiff to recover duplicate statutory damages. Moreover, Defendant's actions were innocent and not willful in any event and do not support a claim for statutory damages in the amount sought or otherwise.

**PRAYER**

WHEREFORE, Defendant Jeffrey Santos prays for the entry of judgment as follows:

(1) That Plaintiff take nothing from its Complaint herein and judgment be entered in Defendant's favor and against Plaintiff on all of Plaintiff's claims;

(2) That Defendant be awarded his costs and fees incurred herein; and

///

///

///

**ANSWER OF DEFENDANT JEFFREY SANTOS' TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

(3) For such other, further, and/or different relief as the Court deems just and proper.

DATED: March 17, 2015                    **POOLE & SHAFFERY, LLP**

By: /s/ Samuel R.W. Price
 David S. Poole
 Samuel R.W. Price
Attorneys for Defendant
JEFFREY SANTOS

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-1, Defendant Jeffrey Santos hereby demands trial by jury of all issues and claims so triable.

DATED: March 17, 2015                    **POOLE & SHAFFERY, LLP**

By: /s/ Samuel R.W. Price
 David S. Poole
 Samuel R.W. Price
Attorneys for Defendant
JEFFREY SANTOS